UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTIN M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02629-TAB-RLY |
| | ) |
| ANDREW M. SAUL Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S REQUEST FOR REMAND**

## I. Introduction

Shivonne N. Suttles, M.D. opined that Plaintiff should "[a]void sharp changes in position as turning and reaching or reaching from overhead things that are >20 lbs." [Filing No. 9-7, at p. 43.] The Administrative Law Judge adopted Dr. Suttles's opinion. However, the ALJ found Plaintiff was capable of frequently reaching. Thus, there appears to be a contradiction between Dr. Suttles's opinion that Plaintiff should avoid reaching and the ALJ's finding that Plaintiff can frequently reach. Still, Dr. Suttles's opinion is not clear, and it is possible that Dr. Suttles's opinion and the ALJ's conclusion can coexist. But this opinion is crucial, and the Court cannot be sure the ALJ understood it. Therefore, the Court remands the decision so the ALJ can seek clarification from Dr. Suttles.

## II. Background

Plaintiff sought disability insurance benefits, alleging disability beginning in November 2014. Her application was denied initially and upon review. Plaintiff appeals this decision. In evaluating Plaintiff's claim, the ALJ used the Social Security Administration's five-step

sequential evaluation process.  *See* 20 C.F.R. § 404.1520(a) (explaining the five-step process).  At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Plaintiff was severely impaired with degenerative disc disease, scoliosis, reactive airway disease, obesity, fibromyalgia, connective tissue disease, breast cancer with related treatment, and bipolar disorder.  At step three, the ALJ determined that neither Plaintiff's impairments nor a combination of her impairments met or medically equaled the criteria of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Since the ALJ determined that Plaintiff's impairments did not meet or medically equal a listing, the ALJ proceeded to determine Plaintiff's RFC before considering step four.  An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments.  To determine a claimant's RFC, ALJs consider all of a claimant's impairments regardless of the severity level.  20 C.F.R. 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p.  The ALJ determined that Plaintiff is limited to light work, including "frequent . . . reaching."  [Filing No. 9-2, at p. 17.]  The ALJ further found Plaintiff could sustain the attention and concentration necessary to carry out work-like tasks with reasonable pace and persistence and occasional interaction with the public, coworkers, and supervisors.

Relying on a vocational expert's testimony, at step four, the ALJ determined that Plaintiff did not have the RFC to perform the requirements of her past relevant work.  [Filing No. 9-2, at p. 20.]  At step five, considering her RFC, work experience, age, and education, the ALJ determined that Plaintiff could perform other work that existed in significant numbers in the national economy.  The ALJ determined that Plaintiff could work as a collator operator, router, or an information clerk.

### III. Discussion

Plaintiff presents two issues on appeal. The first concerns Dr. Suttles's opinion and the second concerns Plaintiff's concentration-related limitations. Plaintiff argues that the ALJ departed from the medical opinion of Dr. Suttles—Plaintiff's treating physician—regarding Plaintiff's ability to reach. Plaintiff and Defendant agree that Dr. Suttles's medical opinion is adequately supported. Where the parties disagree, however, is whether the ALJ accurately interpreted and applied Dr. Suttles's opinion in assessing Plaintiff's RFC. In support of her argument, Plaintiff contends that the ALJ misinterpreted Dr. Suttles's opinion while purporting to adopt the findings, failed to explain why the opinion was not adopted, inaccurately assessed Plaintiff's RFC, and failed to build an accurate and logical bridge between the evidence and his conclusions. In response, Defendant asserts that the ALJ "reasonably translated" Dr. Suttles's opinion. [[Filing No. 24, at p. 10](#).]

Regarding her concentration-related limitations, Plaintiff argues that the ALJ failed to account for her work-pace limitation in the RFC and failed to include any pace-based limitation in the hypothetical questions to the VE. She further argues that the ALJ departed from the opinions of state agency physicians, Drs. Kennedy and Shipley, that she had moderate difficulty maintaining concentration for extended periods of time, and the consultative-examiner's opinion that she had difficulty managing her personal funds. Defendant responds by arguing that "the record contains a thorough explanation of the state agency doctors' rationale for their opinions, and the ALJ's RFC includes all of the restrictions opined by Drs. Kennedy and Shipley" in regard to Plaintiff's moderate difficulty maintaining concentration. [[Filing No. 24, at p. 14](#).] Defendant, relying on *[Cihlar v. Berryhill*, 706, F. App'x 881, 883 (7th Cir. 2017)](#), further argues

that the ALJ explicitly explained the distinction between his finding—that Plaintiff had moderate difficulties in concentration, persistence, and pace—and his RFC finding that Plaintiff could manage simple, routine work.

On review, the Court exercises deference and evaluates whether the ALJ's decision is supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). This means that substantial evidence is "more than a mere scintilla but may be less than a preponderance" of evidence. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). To sufficiently support his decision, the ALJ must build an accurate and logical bridge from the evidence to his conclusion. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### A. Dr. Suttles's medical opinion

Plaintiff argues that the ALJ failed to adopt Dr. Suttles's potentially disabling opinion, which states, "Avoid sharp changes in position as turning and reaching or reaching from overhead things that are >20lbs." [Filing No. 9-7, at p. 43.] In his RFC assessment, the ALJ concluded Plaintiff was capable of "frequent . . . reaching." [Filing No. 9-2 at p. 17.] Social Security Rulings 85-15 and 83-10 define frequent reaching as extending the hands and arms in any direction for one-third to two-thirds of the time, respectively. In contrast, "avoid" means to refrain from.[1] Accordingly, the ALJ seemingly adopted two incompatible conclusions.

Defendant argues that Dr. Suttles's conclusion and the ALJ's conclusion regarding Plaintiff's reaching are compatible. Defendant further argues that "avoid" in Dr. Suttles's opinion only applies to the "sharp changes in position" section of the opinion. However, this

---

[1] *Avoid Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/avoid (last updated Aug. 3, 2019).

4

would leave "as turning and reaching" as a dependent and incomplete clause with no place or meaning within Dr. Suttles's opinion. The Court will not ignore four words in the middle of the opinion in an effort to force contradicting conclusions to coexist.

The ALJ's opinion demonstrates that he concluded at multiple times that Plaintiff is capable of frequent bilateral reaching. [Filing No. 9-2, at p. 17.]. Due to the pain and swelling in her hands and left wrist, the ALJ limited Plaintiff to "frequent feeling, fingering, handling and reaching." [Filing No. 9-2, at p. 17.] There is a discrepancy between the ALJ's translation of Plaintiff's ability to reach and Dr. Suttles's opinion. Defendant contends the ALJ reasonably translated Dr. Suttles's opinion to mean that Plaintiff should be careful when reaching, but this is not what the ALJ said. This conclusion is in tension with Dr. Suttles's opinion regarding Plaintiff's use of her upper extremities, which was that she avoid reaching. A reasonable person would have difficulty establishing a logical connection between carefully performing an act, frequently doing an act, and avoiding an act. The fact of the matter is the ALJ never opined that Plaintiff should be careful or "marked by wary caution or prudence"[2] when reaching. More important, the ALJ's opinion is silent regarding Plaintiff's treating doctor's opinion that she should avoid reaching, although he afforded Dr. Suttles's opinion great weight. [Filing No. 9-2, at p. 20.]

Defendant counters that "[t]he ALJ reasonably translated Dr. Suttles's opinion that Plaintiff should be careful when 'reaching and reaching from overhead things that are [greater than] 20 lbs.'" [Filing No. 24, at p. 10., (quoting to Filing No. 9-2, at p. 17).] The Court is not convinced. The ALJ did not discuss this portion of Dr. Suttles's opinion, and without some

---

[2] *Careful Definition*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/careful (last updated Jun. 28, 2019).

5

discussion, the Court cannot know whether the ALJ in fact "translated" Dr. Suttles's opinion in such a way. Moreover, the ALJ did not say Plaintiff should be careful when reaching; he said Plaintiff could frequently reach.

In the same vein, Plaintiff argues the ALJ misinterpreted Dr. Suttles' opinion regarding Plaintiff's ability to lift 20 pounds. Plaintiff argues the ALJ's opinion is inconsistent with Dr. Suttles's assertion "the most Plaintiff could ever lift independently at one time was 20 pounds." [[Filing No. 17, at p. 12](Filing No. 17, at p. 12).] Although Dr. Suttles included a weight restriction in her opinion regarding Plaintiff's ability to reach, the record does not support the contention the most Plaintiff could ever lift independently at once was 20 pounds.

On remand, the ALJ must seek clarification concerning Dr. Suttles's opinion regarding Plaintiff's use of her upper extremities—mainly, her ability to reach and the weight and frequency in which she is capable of lifting.

### B. Concentration-related limitations

Plaintiff alleges that the ALJ failed to consider the medical opinion of the agency-contracted consultative examiner, Dr. Leiphart, that she "did not appear capable of managing her funds without assistance." [[Filing No. 9-8, at p. 80](Filing No. 9-8, at p. 80).] She further argues that Dr. Leiphart's opinion that her limitation prevents her from "doing something as simple and personal as managing her own money without supervision is logically indicative of an inability to independently and satisfactorily perform work tasks at a reasonable pace without additional supervision." [[Filing No. 17, at p. 16](Filing No. 17, at p. 16).] Defendant, citing *[Jones v. Astrue](Jones v. Astrue)*, [623 F.3d 1155, 1160 (7th Cir. 2010)](623 F.3d 1155, 1160 (7th Cir. 2010)), asserts, "[w]hile the ALJ did not specifically mention Dr. Leiphart's opinion about Plaintiff's ability to manage her funds, he was not required 'to address every piece of evidence or testimony presented.'" [[Filing No. 24, at p. 14](Filing No. 24, at p. 14).] Defendant contends Plaintiff's

6

argument is unpersuasive because "Dr. Leiphart did not suggest that Plaintiff's inability to manage her funds meant she was incapable of semi-skilled work." [Filing No. 24, at p. 14.] The ALJ was not required to address every medical opinion in his decision. However, the ALJ should not have ignored Dr. Leiphart's opinion; it may contribute to Plaintiff's limitations with concentration, persistence, and pace.

Plaintiff's argument in this regard does not provide an independent basis for remand. However, the Court encourages the ALJ to take a second look into whether Plaintiff's mathematical limitations and difficulty managing funds has any effect on her RFC to perform simple routine tasks with the ability to sustain the attention and concentration necessary to carry out work-like tasks with reasonable pace and persistence.

### IV. Conclusion

For the reasons stated above, the Court grants Plaintiff's request for remand. [Filing No. 17.] The Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and consideration consistent with this opinion.

Date: 8/6/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Christie O'Brien Tate
SOCIAL SECURITY ADMINISTRATION
christie.tate@ssa.gov

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov